TENNANT *v.* CITY OF VICKSBURG, et al.

No. 40089          March 26, 1956          86 So. 2d 453

*Prewitt & Bullard,* Vicksburg, for appellant.

*J. D. Thames,* Vicksburg, for appellees.

ETHRIDGE, J.

This is another attempt to review by a bill in chancery court the removal of a city employee who was under the Civil Service Act.

The bill of complaint by appellant Tennant was brought against Otto T. Finane, Chief of Police of the

City of Vicksburg, and against the City. It charged that complainant was a patrolman for the Vicksburg Police Department, and that he had valuable rights under the Civil Service Act of 1944, Miss. Laws 1944, Chapter 209; Miss. Code 1942, Sections 3825-30 to 3825-45. It was averred that, under said statutes and the civil service rules and regulations of the Board of Civil Service Commission of the City of Vicksburg, complainant was vested with rights which were violated without authority of law when on November 9, 1954, the defendant Finane, Chief of Police, fired him from his job; that both of the defendants ignored the requirements of the statutes and rules and regulations of the civil service commission of the city; and that complainant was ready, able and willing to perform the duties of his job from which he had been wrongfully discharged. The bill prayed for damages in the amount of his salary from the time of his discharge until the date of the filing of the bill, June 7, 1955, for a mandatory injunction requiring defendants to allow complainant to discharge his duties as a patrolman, and for compensatory and punitive damages.

Attached to the bill as Exhibit A was a copy of the rules and regulations of the Board of Civil Service Commission of the city. Section 12.3 thereof provided a procedure for review of such removal by the civil service commission, and subsequently by the circuit court. It is a transcript of Code Section 3825-40, of the Miss. Civil Service Act, which prescribes procedure for appeals from such removal. Exhibit B was a letter dated January 8, 1955, from complainant's attorney to the chairman of the civil service board, in which complainant charged that on November 9, 1954, he had been accused falsely of taking money from a parking meter on the city streets, and was fired by the chief of police who failed to give him any written specifications of charges. The letter demanded an investigation and hearing into the matter of his dismissal, and reinstatement. Exhibit C to the

bill was a letter from the city attorney to complainant's counsel advising that an investigation of the matter disclosed "that the service severance of Mr. Tennant was not such as was covered by the terms and provisions of the Civil Service Act and is not governed by the rules and regulations" of the city's civil service commission; that under the facts there was nothing for the civil service commission to do with reference to this matter.

The defendants-appellees demurred to the bill of complaint, on the grounds that the chancery court had no jurisdiction, complainant had a plain, adequate and complete remedy at law, and the bill did not state a cause of action. The trial court sustained this general demurrer, and from that action complainant has appealed.

The order of the chancery court sustaining appellees' demurrer must be affirmed. The case is clearly controlled by Scott, Mayor of the City of Laurel, et al. v. Lowe, 78 So. 2d 452 (Miss. 1955). Lowe, an Assistant Fire Chief of the City of Laurel, brought a suit in the chancery court against the chief of the city fire department and the mayor and commissioners of the city to enjoin a threatened transfer of him to another station. It was held that the complainant's statutory method of review under Code Section 3825-11 was the exclusive remedy for persons asserting rights under the Civil Service Act; that the statutory method of review was speedy, adequate and complete; and that complainant therefore could not proceed in chancery to obtain a judicial review of an action of the municipal officers affecting his job. That case involved the interpretation of Code Section 3825-01 to 3825-17, and particularly Section 3825-11. This is the statute dealing with municipalities having a commission form of government with a population of not less than 14,000. The instant case involves the Civil Service Act applying to municipalities having the commission form of government and a population of not more than 21,000, being Code Sections 3825-30 to 3825-45. However, the

controlling provision, Section 3825-40, is substantially the same as the statute interpreted in Scott v. Lowe, Section 3825-11. The same reasons and the same considerations apply here as in that case.

■■ ■ Section 3825-40 provides that any person in the classified civil service who is removed from his job may within ten days from the time of his removal file with the commission a written demand for an investigation and hearing; that the commission shall grant the same, and if relief is not obtained, the accused employee may appeal to the circuit court within thirty days after the entry of the commission's order, with certain stated restrictions as to the scope of review. Appellant was discharged on November 9, 1954, but he made no attempt to follow the statutory procedure for review within the ten-day period. Two months after his discharge his counsel wrote the civil service commission asking for a hearing. Hence he did not bring himself within the exclusive procedure for review. ■■ ■ Although the demurrer admitted that appellant had not received a written accusation of the reasons for his removal, appellant's exclusive remedy, as was held in Scott v. Lowe, was still under Section 3825-40. That fact, if fact it were, would have been one for the consideration of the commission along with the other circumstances of the case, when it reviewed the removal.

Affirmed.

*McGehee, C. J.,* and *Kyle, Arrington* and *Gillespie, JJ.,* concur.