OPINION
 

 ROBERT MADDEN HILL, Circuit Judge:
 

 Penelope Hatteras brought suit in the United States District Court for the Southern District of Texas, claiming a violation of her constitutional rights under 42 U.S.C. § 1983. Named as defendants were Southwestern Bell Telephone Co. (Southwestern Bell), the City of Houston (the City), and Lee Brown, the Chief of Houston Police (Chief Brown). The district court entered summary judgment without opinion in favor of all three defendants.
 
 [1]
 

 Sometime prior to Chief Brown’s eventful letter of September 12, 1984, Penelope Hatteras was indicted for promotion of prostitution in the United States District Court for the Southern District of Texas. On September 12,1984, Chief Brown sent a copy of Hatteras’ indictment to an official of Southwestern Bell and requested the disconnection of five telephone numbers allegedly used by Hatteras in her illegal enterprise. Southwestern Bell complied with Chief Brown’s directive, disconnecting the five numbers as well as two others on September 21. A day after Hatteras’ phones went dead, Southwestern Bell mailed notice that it had exercised its contractual right under Subsections VII B(5)(7) and X E(2) of the Texas General Exchange Tariff, Section 26 (the Tariff)
 
 [2]
 
 to terminate
 
 *1343
 
 service. In her suit Hatteras claims that she has been deprived of her property without pretermination notice or hearing, in violation of her due process rights under the fourteenth amendment.
 

 A section 1983
 
 [3]
 
 claim has two elements: a deprivation of rights secured by the Constitution or federal law and action under color of state law.
 
 Flagg Brothers Inc. v. Brooks,
 
 436 U.S. 149, 155, 98 S.Ct. 1729, 56 L.Ed.2d 185 (1978). We assume without deciding that defendants acted under color of state law
 
 [4]
 
 and that Hatteras’ telephone service was a protectible property interest.
 
 [5]
 

 See Paul v. Davis,
 
 424 U.S. 711, 98 S.Ct. 1729, 56 L.Ed.2d 185 (1976);
 
 Board of Regents v. Roth,
 
 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972). Finding, however, that Hatteras did not suffer a deprivation of her property without due process and has no recovery under section 1983, we affirm.
 
 [6]
 

 I.
 

 Generally, a hearing must be made available before the state or its agents deprive a citizen of her property.
 
 See Fuentes v. Shevin,
 
 407 U.S. 67, 92 92 S.Ct. 1983, 32 L.Ed.2d 556 (1972). The right to a pretermination hearing, however, is not absolute.
 
 Mitchell v. W.T. Grant Co.,
 
 416 U.S. 600, 94 S.Ct. 1895, 40 L.Ed.2d 406 (1974). “[T]he timing and nature of the required hearing will depend on appropriate accommodation of the competing interests involved. These include the importance of the private interest and the length or finality of the deprivation, the likelihood of governmental error, and the magnitude of the governmental interest involved.”
 
 Logan v. Zimmerman Brush Co.,
 
 455 U.S. 422, 434, 102 S.Ct. 1148, 1157, 71 L.Ed.2d 265 (1982) (citations omitted).
 

 The importance of Hatteras’ property interest cannot be minimized. It is probably
 
 *1344
 
 essential to her business which, if she is innocent of the crime charged, is a perfectly legitimate escort service. This interest, however, must be measured against the government’s interest in protecting its citizenry from ongoing criminal activity. Chief Brown’s letter to Southwestern Bell was not prompted by an inarticulable suspicion but rather by an indictment returned against Hatteras in a United States District Court.
 

 Where the charge of misconduct is supported by an indictment,
 
 [7]
 
 we believe that the relatively small risk that telephone customers such as Hatteras have been mistakenly accused is outweighed by the state’s interest in protecting the public welfare without the attendant delay of a pretermination hearing.
 
 See, e.g., Ewing v. Mytinger & Casselberry, Inc.,
 
 339 U.S. 594, 70 S.Ct. 870, 94 L.Ed. 1088 (1950) (libel of suspectedly misleading articles),
 
 cited with approval
 
 in
 
 Loudermill,
 
 — U.S. at —, 105 S.Ct. at 1493 n. 7, 84 L.Ed.2d at 504 n. 7;
 
 North American Cold Storage Co. v. Chicago,
 
 211 U.S. 306, 29 S.Ct. 101, 53 L.Ed. 195 (1908) (seizure and destruction of allegedly tainted foodstuffs),
 
 cited with approval
 
 in
 
 Loudermill,
 
 — U.S. at —, 105 S.Ct. at 1493 n. 7, 84 L.Ed.2d at 504 n. 7;
 
 see also Goss v. Lopez,
 
 419 U.S. 565, 95 S.Ct. 729, 42 L.Ed.2d 725 (1975) (principal allowed to forego pretermination hearing in suspension of child who was disruptive to the class).
 

 II.
 

 We conclude that Hatteras’ Due Process Rights were not violated when she was denied notice and hearing prior to the termination of her service under the Tariff.
 
 [8]
 

 The summary judgment of the district court in favor of the defendants is AFFIRMED.
 

 [1]
 

 . The district court rendered its judgment in response to defendants’ motions to dismiss under Rule 12(b). Because the record comes to us replete with documentary evidence, we treat the district court’s dismissal as a summary judgment.
 
 See
 
 Rule 12(c).
 

 [2]
 

 . Subsection VII B(5)(7) of the Tariff, Section 26, stipulates that ”[T]he Telephone Company may discontinue service which is used ... in any fraudulent or unlawful manner ...” Subsection X E(2) provides that “[t]he service is furnished subject to the condition that it will
 
 *1343
 
 not be furnished if any law enforcement agency, acting within its jurisdiction, advises that such service is being used or will be used in violation of law, or if the Telephone Company receives other evidence convincing to it that such service is being or will be so used."
 

 [3]
 

 . 42 U.S.C. § 1983 creates a cause of action against any “person who, under color of any statute, ordinance, regulation, custom, or usage, of any State ... subjects, or causes to the subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws [of the United States].”
 

 [4]
 

 . Whether there is state action is a "necessarily fact-bound inquiry.”
 
 Lugar v. Edmonson Oil Co.,
 
 457 U.S. 922, 939, 102 S.Ct. 2744, 2755, 73 L.Ed.2d 482 (1982). Hatteras has produced regulations of Southwestern Bell which call for disconnection of customers’ lines at the request of the police. In addition, Hatteras has alleged that the Houston police regularly and routinely requested discontinuation of service to persons under indictment. We believe that these allegations raise a genuine question of fact on the issue of state action.
 
 Adickes v. S.H. Kress & Co.,
 
 398 U.S. 144, 152, 90 S.Ct. 1598, 1605, 26 L.Ed.2d 142 (1970) (private party acts under color of state law if his behavior makes him a “willful participant in joint action with the state or its agents”);
 
 Auster Oil & Gas, Inc. v. Stream,
 
 764 F.2d 381, 387 (5th Cir.1985) ("Nominally private conduct constitutes 'state action’ if the connection between the state and the acts justifies treating the private actor as an agent of the state or otherwise warrants attributing her behavior to the state") (citations omitted). Were it not for the fact that we dispose of the case on other grounds, we would remand the case to the district court for its full consideration.
 

 [5]
 

 . Although we do not reach the question whether Hatteras enjoyed a property right in her telephone service we take special note of
 
 Cleveland Board of Education v. Loudermill,
 
 — U.S. —, —, 105 S.Ct. 1487, 1493, 84 L.Ed.2d 494, 503 (1985), relied upon by Hatteras. We also note that
 
 Wisconsin v. Constantineau,
 
 400 U.S. 433, 91 S.Ct. 507, 27 L.Ed.2d 515 (1971),
 
 Paul v. Davis,
 
 424 U.S. 693, 708, 96 S.Ct. 1155, 1164, 47 L.Ed.2d 405 (1976),
 
 Goss v. Lopez,
 
 419 U.S. 565, 95 S.Ct. 729, 42 L.Ed.2d 725 (1975),
 
 Morrissey v. Brewer,
 
 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972), and
 
 Bell v. Burson,
 
 402 U.S. 535, 91 S.Ct. 1586, 29 L.Ed.2d 90 (1971), strongly support Hatteras’ position that she had a protectible interest.
 

 [6]
 

 . Hatteras, in her brief to this Court, has likened the termination of her telephone service to a seizure.
 
 See, e.g., Camden County Beverage Co. v. Blair,
 
 46 F.2d 648 (1930). Hatteras would be entitled to no greater protections in an application to recover seized property or in a forfeiture proceeding after her criminal trial than those which she enjoys as a result of having been deprived of property pursuant to the Tariff. This opinion therefore does not speak to the viability of Hatteras’ theory nor to the fourteenth amendment protections which inure to the individual whose property has been seized.
 

 [7]
 

 . We do not mean to imply that other, equally reliable, indicia of guilt would not be adequate.
 

 [8]
 

 . Hatteras has not urged that the procedural protections made available to her after the termination of her service are constitutionally inadequate. We therefore express no opinion on that matter.