# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 94-CA-00269-SCT

*CHAUNCY WRIGHT, MARJORIE ANN JONES AND*
*PHYLLIS RENEE WRIGHT*

*v.*

*DR. JAMES O. WHITE, DR. ALTON B. COBB,*
*CAROLYN BOATWRIGHT, PAMELA PITCHFORD,*
*ALICIA CROWDER, TUCKER BROWN, INDIVIDUAL*
*MEMBERS OF THE STATE BOARD OF HEALTH;*
*MISSISSIPPI STATE DEPARTMENT OF HEALTH;*
*THE STATE BOARD OF HEALTH; AND WALTER*
*BOOKER*

| | |
|---|---|
| DATE OF JUDGMENT: | 02/09/94 |
| TRIAL JUDGE: | HON. ROBERT LEWIS GIBBS |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANTS: | DARNELL FELTON |
| ATTORNEYS FOR APPELLEES: | OFFICE OF THE ATTORNEY GENERAL |
| | BY:  T. HUNT COLE, JR. |
| NATURE OF THE CASE: | CIVIL - STATE BOARDS AND AGENCIES (OTHER THAN WORKER'S COMPENSATION) |
| DISPOSITION: | AFFIRMED - 5/8/97 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 5/29/97 |

**EN BANC.**

**DAN LEE, CHIEF JUSTICE, FOR THE COURT:**

¶1. In this appeal, Wright seeks to reverse a final judgment entered on February 9, 1994, by the Circuit Court of the First Judicial District of Hinds County. In that final judgment, the circuit court vacated an order in which the Employee Appeals Board purportedly "transferred" a pending state civil service employment matter to circuit court for disposition, as beyond the statutory authority of the EAB, and it dismissed the Plaintiffs' court complaint predicated on that "transfer."

**STATEMENT OF THE CASE**

¶2. Plaintiffs/Appellants Chauncy Wright, Marjorie Ann Jones, and Phyllis Renee Wright were "state service" employees whose employment with the State was governed by the statewide personnel service system (also known as the state civil service system). Miss. Code Ann. §§ 25-9-101 through 25-9-151. The state personnel system provides for a comprehensive scheme of personnel administration and sets forth an integrated system of administrative review by the Employee Appeals Board (EAB) and judicial review of adverse employment decisions of state agencies by an appeal to circuit court.

¶3. The Appellants, who resigned their employment with the State Department of Health, complained about various aspects of their employment while they were with the Department, and they alleged that their employment conditions were discriminatory, in violation of provisions of state and federal law.

¶4. In 1991 and 1992, the Plaintiffs invoked the jurisdiction of the EAB regarding their alleged employment grievances against the Department of Health by filing notices of appeal to the EAB. *Re: Marjorie A. Jones*, EAB Docket No. 91-65, *Re: Chauncy Wright*, EAB Docket No. 91-67, and *Re: Phyllis Renee Wright*, EAB Docket No. 92-22. An evidentiary hearing and several days of witness testimony on these causes before the EAB was partially completed, and the remaining testimony before the EAB was set for hearing on June 21-23, 1993, but was continued.

¶5. Before completing the EAB proceeding, the Appellants filed an original suit on their employment grievances in the Circuit Court of Hinds County on May 17, 1993. This was followed by an interlocutory EAB "Order of Transfer," which purported to transfer the matter to circuit court and to "forever relinquish jurisdiction" over the pending employment matter because the EAB might not be able to give full remedy and complete "resolution" of the grievances. No final decision on the merits of the grievances was rendered by the EAB.

¶6. The State Defendants promptly moved the circuit court to vacate the "order of transfer" and to dismiss the Plaintiffs' original circuit court suit, on the grounds, *inter alia*, that (1) under the statewide personnel system, the EAB has primary and exclusive jurisdiction of the employment grievances of "state service" employees; (2) that the only judicial review of an EAB matter that may be obtained in circuit court is by the limited appellate review as provided by statute, not by an original suit, and (3) that the EAB did not have any statutory authority to "transfer" a pending state employment matter to circuit court for disposition.

¶7. Plaintiffs did not submit a written response to the motion. After oral argument, the circuit court on February 9, 1994, entered a final order which granted the Department of Health's motion, vacated the EAB "order of transfer," and dismissed the complaint.

¶8. On March 10, 1994, more than ten days after entry of judgment, the Plaintiffs filed a Rule 59 motion for reconsideration and contended that the state civil service statute was unconstitutional because it was inconsistent with alleged rights under 42 U.S.C.A. § 1983. On the same day, Plaintiffs simultaneously filed a notice of appeal of the final judgment which transferred jurisdiction of the case to this Court and raised the following issues:

**I. WHETHER THE EMPLOYEE APPEALS BOARD, PURSUANT TO ITS**

**STATUTORY AUTHORITY, CAN TRANSFER A PENDING ACTION TO A STATE COURT OF COMPETENT JURISDICTION BECAUSE IT LACKED SUBJECT MATTER JURISDICTION TO GRANT THE RELIEF REQUESTED BY APPELLANTS, AND**

**II. WHETHER APPELLANTS ARE REQUIRED TO EXHAUST THEIR ADMINISTRATIVE REMEDIES BEFORE FILING AN ACTION IN A COURT OF COMPETENT JURISDICTION WHEN THEIR COMPLAINT, INTER ALIA, ALLEGES VIOLATIONS OF RIGHTS SECURED UNDER FEDERAL LAW AND REQUESTS RELIEF OUTSIDE THE JURISDICTIONAL AUTHORITY OF THE EMPLOYEE APPEALS BOARD.**

¶9. It is the opinion of this Court that the trial court was correct in determining that the EAB lacked statutory authority to transfer a pending matter to circuit court and that the circuit court lacked jurisdiction to hear the matter brought before it. Therefore, it was not error for the trial court to vacate the EAB's order and dismiss the Appellants' complaint.

## STANDARD OF REVIEW

¶10. It is a well-settled principle that the Supreme Court is the "ultimate expositor of the law of this state." *UHS-Qualicare, Inc. v. Gulf Coast Community Hospital, Inc.*, 525 So. 2d 746, 754 (Miss. 1987). Therefore, this Court conducts *de novo* review on questions of law. *Id.*; *Bodman v. Bodman*, 674 So. 2d 1245, 1247 (Miss. 1996); *Rea v. Breakers Assoc., Inc.*, 674 So. 2d 496, 499 (Miss. 1996); *Tucker v. Hinds County*, 558 So. 2d 869, 872 (Miss. 1990); *Harrison County v. City of Gulfport*, 557 So. 2d 780, 784 (Miss. 1990). The questions of whether the EAB has the authority to transfer a matter to the circuit court and whether the circuit court has jurisdiction to hear such a matter are issues of law and deserve a relatively broad standard of review by this Court. Therefore, in deciding the case *sub judice*, we look at all the information *de novo* to determine if the circuit court was correct in its dismissal of the Appellants' complaint.

## DISCUSSION OF THE LAW

**WHETHER THE EMPLOYEE APPEALS BOARD, PURSUANT TO ITS STATUTORY AUTHORITY, CAN TRANSFER A PENDING ACTION TO A STATE COURT OF COMPETENT JURISDICTION BECAUSE IT LACKED SUBJECT MATTER JURISDICTION TO GRANT THE RELIEF REQUESTED BY APPELLANTS.**

¶11. Appellants contend that the EAB did not have the authority to provide the requested relief and therefore, the EAB's actions were correct and reasonable in removing the employees' proceedings from the Board's jurisdiction.

¶12. The State Defendants counter, arguing that the lower court correctly held that the EAB, as an administrative body, lacked any statutory authority to order a transfer of a pending, state civil service employment matter to circuit court, and that the lower court properly vacated the EAB "Order of Transfer" and dismissed the court complaint based thereon.

¶13. The statewide system of personnel administration, established by Miss. Code Ann. Sections 25-

9-101 through 25-9-151, provides for a comprehensive scheme of personnel administration with regard to "state service" employees and sets forth a carefully integrated scheme of administrative and judicial review of the adverse employment decisions of state agencies. This system establishes a structure and practice of personnel administration to ensure the fair and efficient use of employees in state service. Miss. Code Ann. § 25-9-101 (Supp. 1990).

¶14. As this Court noted in *Hood v. Miss. Dep't of Wildlife Conservation*, 571 So. 2d 263, 267 (Miss. 1990):

> Employees affected by adverse decisions may appeal to the Employee Appeals Board (EAB) for de novo hearing, then to circuit court for judicial review on the record, and finally to this Court. Miss. Code Ann. §§ 25-9-131 and 25-9-132 (Supp. 1990). Review by the circuit court is limited to determinations of whether the EAB's actions are supported by substantial evidence, are arbitrary or capricious, or are in violation of some statutory or constitutional right of the employee. Miss. Code Ann. [§ 25-9-132(2)] (Supp. 1990). Appeal to the circuit court must be within thirty days of the board's decisions and a bond is required. [Miss. Code Ann. § 25-9-132(1) (Supp. 1990).]

¶15. In *Hood* we discussed *Miss. Forestry Comm'n v. Piazza*, 513 So. 2d 1242 (Miss. 1987), which

> addresses the state civil service procedure. *Piazza*, 513 So. 2d at 1246. An employee of the Mississippi Forestry Commission sued in chancery court to enjoin his transfer to another district. *Piazza*, 513 So. 2d at 1243. Reversing the grant of a permanent injunction, this Court held that whether the Forestry Commission could authorize an involuntary transfer was a matter for the State Personnel Board, and its alter ego, the Employee Appeals Board. *Piazza*, 513 So. 2d at 1249.

*Hood*, 571 So. 2d at 268. *Piazza* would seem to preclude all of the Plaintiffs' claims arising from their treatment.

¶16. The EAB was wholly competent to consider every claim the Plaintiffs assert in the present complaint, including the grounds for their Section 1983 claims.

> The remedial process provided such employees necessarily vests the employee's department, agency or institution, and ultimately the EAB, with full authority to hear not only the merits vel non of any charge of inefficiency or other good cause, but also any other matter of fact or law the employee may assert affecting his employment. We take Section 25-9-131(3)'s directive that the appeals procedure there provided "replace any existing statutory procedure" as declaring this the employee's exclusive remedy.

*Hood*, 571 So. 2d at 268.

¶17. The Plaintiffs may have presented before the Department of Health and thereafter before the EAB every ground for relief they assert in the present complaint, including their federal claims. "Section 1983 merely serves as a method for asserting claims of violation of constitutional rights, the act containing no substantive provisions in and of itself." *Id.* (citing *Chapman v. Houston Welfare Rights Organization*, 441 U.S. 600, 618 (1979); *Estate of Himelstein v. City of Fort Wayne,*

*Indiana*, 898 F.2d 573, 575 (7th Cir. 1990); *Trigg v. Fort Wayne Community Schools*, 766 F.2d 299, 300 (7th Cir. 1985)). The *Hood* Court continued:

> [t]he more relaxed administrative appellate process before EAB is quite conducive to a full airing of the employee's constitutional claims. On judicial review the circuit court is specifically charged to consider whether EAB's action abridged "some . . . constitutional right of the employee." Miss. Code Ann. § 25-9-132 (Supp. 1990). On final review, the employee's administrative remedies thus exhausted, he may before the Circuit Court pursue all avenues of relief Section 1983 makes available.

*Hood*, 571 So. 2d at 268 (citing *Presnell v. Pell*, 260 S.E. 2d 611 (N.C. 1979); *Johnston v. Gaston County*, 323 S.E.2d 381 (N.C. App. 1984)).

¶18. The Plaintiffs in the case *sub judice* were "state service" employees of the State Department of Health, Miss. Code Ann. § 25-9-107(b), whose employment grievances had been brought before the EAB. Several days of evidentiary hearings before the EAB on the grievances had already been held before the grievants abandoned their cause in the EAB and that body "transferred" the matter to the circuit court for disposition as an original suit.

¶19. It is a fundamental rule that administrative agencies may exercise only those powers that are granted by statute. *Miss. Public Service Comm'n v. Miss. Power & Light Co.*, 593 So. 2d 977 (Miss. 1991); *Farrish Gravel Co. v. Mississippi State Highway Comm'n*, 458 So.2d 1066, 1068 (Miss. 1984). In *Farrish*, this Court pointed out that "government agencies have only such powers that are expressly granted to them, or necessarily implied in their grant of authority. Any acts which are not so authorized are void." *Id.* at 1068.

¶20. The Appellants have not cited in their appellate brief, and the lower court could not find, any statute which gives the EAB, as an administrative agency, the authority to "transfer" a pending state employment-related grievance to any court for determination. In fact, just the opposite is readily found. The statutes creating the EAB plainly indicate that the EAB's ultimate authority is limited to issuing a "final decision," Miss. Code Ann. § 25-9-131(2), in which case the appellate jurisdiction, as compared to the original jurisdiction, of the circuit court may be invoked by the aggrieved employee to review the EAB decision. Miss. Code Ann. § 25-9-132. The EAB cannot, consistent with the statute, simply "pass the buck" and "transfer" a state service employment matter to the circuit court. The statute clearly contemplates that the EAB will render final decisions which can be appealed to the circuit court.

¶21. This Court in *Hood* held that for state law purposes the statutory method of administrative appeal and judicial review provided by the state civil service statute is the exclusive remedy for grievances related to state employment and may not be bypassed by filing an original action. *See also Miss. Forestry Comm'n v. Piazza*, 513 So. 2d 1242 (Miss. 1987) (the only rights which plaintiff could have under his employment with the state, if any, are contained within the act creating the State Personnel Board).

¶22. As the State Defendants and the trial court below both recognized,

> to permit the EAB to transfer a state employment matter to the Circuit Court for adjudication

as an original suit would constitute a bypass of the exclusive statutory method of review and remedy, a bypass that is prohibited by *Hood*. If such a "transfer" from the EAB to Circuit Court can occur simply because an imaginative state service employee demands some kind of damages relief that the EAB (or the courts) could not statutorily give, then a bypass of the EAB/judicial review procedures, which is prohibited by *Hood*, will become commonplace, and the EAB will be encouraged to "transfer" pending grievances on its docket to the courts. *Post hoc* forum jumping by "state service employees," as between EAB and the courts, will take place, as it did in the instant case.

¶23. This Court has further held that "any power sought to be exercised [by an administrative agency] must be found within the four corners of the statute under which the agency proceeds." ***Miss. Milk Comm'n v. Winn-Dixie Louisiana***, 235 So. 2d 684, 688 (Miss. 1970). There is absolutely nothing within the "four corners" of the statute creating the EAB which gives it any authority to ship state employment matters to circuit court for adjudication. The "transfer" here is contrary to the plan of the EAB statutes, which envision a final decision by the EAB, and subsequent appellate jurisdiction by the circuit court if any appeal be taken.

¶24. This Court's decision in *Hood* further confirms that where the Legislature has created a civil service scheme which provides an express statutory method of judicial review and appeal of the decisions of administrative bodies, that statutory method may not be ignored in favor of an original action in chancery court or circuit court. *See also*, ***Scott v. Lowe***, 223 Miss. 312, 78 So. 2d 452 (1955); ***Tennant v. Finane***, 227 Miss. 410, 86 So. 2d 453 (1956).

¶25. The Appellants' contention that statutory authority for a "transfer" by the EAB is found in Miss. Code Ann. Section 25-9-131 is specious. That Section provides that the EAB "may modify the action of the department, agency or institution but may not increase the severity of such action on the employee." This language plainly concerns what remedial action(s) the EAB may take with regard to the employing state agency. It does not provide any authority to the EAB with respect to transfer to the courts.

¶26. The EAB's statutory authority and duty is "rendering decisions" which are "final", so that the decision may be appealed to circuit court in the manner authorized by statute. Miss. Code Ann. §§ 25-9-125, 25-9-132.

¶27. Accordingly, because no aspect of the statutes creating the EAB gives it authority to transfer a pending state employment matter to circuit court, and because such a transfer is contrary to *Hood* and the statutory method of administrative appeal and judicial review, the lower court's vacating the order of transfer and dismissing the complaint is affirmed.

**WHETHER APPELLANTS ARE REQUIRED TO EXHAUST THEIR ADMINISTRATIVE REMEDIES BEFORE FILING AN ACTION IN A COURT OF COMPETENT JURISDICTION WHEN THEIR COMPLAINT, INTER ALIA, ALLEGES VIOLATIONS OF RIGHTS SECURED UNDER FEDERAL LAW AND REQUESTS RELIEF OUTSIDE THE JURISDICTIONAL AUTHORITY OF THE EMPLOYEE APPEALS BOARD.**

¶28. Appellants contend that the state civil service statute is pre-empted by 42 U.S.C. § 1983 and is in violation of the federal Constitution. Appellants allege that the state civil service statute "directly

contradicts with the Supremacy Clause of the United States Constitution," and is therefore unconstitutional, because it limits the type of relief state service employees may obtain.

¶29. Nothing in the designated record on appeal indicates that the Appellants ever argued below that the state civil service statute is pre-empted by 42 U.S.C. §1983 and is in violation of the federal Constitution. In fact, the record on appeal indicates that the post-judgment motion for reconsideration was itself untimely and the lower court was without any jurisdiction to consider the new arguments advanced therein if it had wanted to. *See* ***Telford v. Aloway***, 530 So. 2d 179, 181 (Miss. 1988).

¶30. This Court has repeatedly held that no new issues may be raised on appeal. ***Crowe v. Smith***, 603 So. 2d 301, 305 (Miss. 1992) (appellant is not entitled to raise a new issue on appeal); ***Parker v. Game & Fish Comm'n***, 555 So. 2d 725, 730 (Miss. 1989) (trial judge will not be put in error on a matter which has not been presented to him); ***Mills v. Nichols***, 467 So. 2d 924, 931 (Miss. 1985) (trial court will not be put in error on appeal for matter not presented to it for decision). This Court will not entertain on appeal a new theory of unconstitutionality which could have been raised, but was not advanced, before the trial court until a post-judgment motion. ***CIG Contractors, Inc. v. Miss. State Bldg. Comm'n***, 510 So. 2d 510, 514 (Miss. 1987); ***Estate of Johnson v. Adkins***, 513 So. 2d 922, 925 (Miss. 1987).

¶31. In the present case, the circuit court's final judgment vacating the EAB order of transfer and dismissing the complaint was entered on February 9, 1994. The State Defendants' motion to dismiss and vacate was filed on October 7, 1993. The Appellants failed to file or submit any written response opposition to that motion. The Appellants' argument that the state civil service statute is in violation of the federal Constitution was not raised in the lower court until they filed their untimely Rule 59(e) motion for reconsideration of the lower court's judgment on March 10, 1994. This was 29 days after the entry of judgment. Appellants asked the trial court to consider their motion as timely and any delinquency due to the "devastating ice storm that struck the area of counsel for Plaintiffs" and that this constituted excusable neglect.

¶32. The time limit for serving a Rule 59 motion for reconsideration is 10 days after judgment, and that period may not be enlarged except by a request being made within the time period provided and such request being granted by the court. M.R.C.P. 59(e); M.R.C.P. 6(b).

¶33. Additionally, the filing of a notice of appeal transferred jurisdiction of the matter from the lower court to the Supreme Court, and the lower court is generally without authority at that point to amend, modify, or reconsider its judgment. ***Estate of Moreland***, 537 So. 2d 1345, 1346-47 (Miss. 1989) (when a proper appeal is taken the case is *ipso facto* removed to the appellate court). In the present, the matter was transferred to the appellate court by the filing of a notice of appeal, and the new constitutionality arguments subsequently advanced before the lower court were not properly raised in the trial court and may not be considered on appeal.

¶34. Thus, the Appellants are procedurally barred from arguing on appeal that the state civil service statute is pre-empted by 42 U.S.C. § 1983 and is in violation of the federal Constitution.

¶35. Finally, this assignment of error is also without merit under the United States Supreme Court's holding in ***Will v. Michigan Dep't of State Police***, 491 U.S. 58 (1989). In ***Will***, the United States

Supreme Court held as a matter of federal law that a federal Section 1983 suit for damages may not be brought in state court against states, state agencies, and state officials (as opposed to local political subdivisions). Under *Will*, even if the state civil service statute could be bypassed, a Section 1983 suit against the state defendants in state court could not be brought. The argument and cases cited by Plaintiff are accordingly inapposite.

¶36. The state civil service statute and system of administrative appeal or judicial review is not unconstitutional or contrary to the federal "Supremacy Clause" because, as a matter of federal law, state agencies cannot be sued for damages in state court under Section 1983. Section 1983 does not itself provide any substantive rights. Instead, it is simply the federal statutory vehicle through which claims of alleged violations of federal constitutional rights may be brought and remedied under certain circumstances. *Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 617 (1979).

¶37. In *Will* -- which was not cited, much less distinguished, by the Appellants -- this issue was squarely resolved by the United States Supreme Court. There, the plaintiff, a state employee, filed a Section 1983 federal damages suit in Michigan state court against the Michigan Department of State Police alleging that he was not promoted in his employment for improper reasons in violation of the Constitution. The action was pursued both before the State Civil Service Commission and directly in state court. The Michigan Supreme Court ultimately held that the state was not a "person" that could be sued in state court under Section 1983, and the United States Supreme Court granted certiorari to resolve a conflict among state and lower federal courts. *Will*, 491 U.S. at 61. Based on the language of Section 1983, the intent of Congress in enacting Section 1983, and the relevant legislative history, the United States Supreme Court affirmed. In pertinent part, the Court stated:

> Given that a principal purpose behind the enactment of § 1983 was to provide a federal forum for civil rights claims, and that Congress did not provide such a federal forum for civil rights claims against States, we cannot accept petitioner's argument that Congress intended nevertheless to create a cause of action against States to be brought in state courts, which are precisely the courts Congress sought to allow civil rights claimants to avoid through §1983.

*Id.* The Court added:

> [t]he intent of Congress to provide a remedy for unconstitutional state action does not without more include the sovereign States among those persons against whom § 1983 actions would lie. Construing § 1983 as a remedy for "official violation of federally protected rights" does no more than confirm that the section is directed against state action--action "under color of" state law. It does not suggest that the State itself was a person that Congress intended to be subject to liability.

*Id.* at 67. The holding in *Will* includes agencies of the States, and state officials sued in their official capacity. *Id.* at 70.

¶38. This assignment of error is without merit.

## CONCLUSION

¶39. No aspect of the statutes creating the EAB gives it authority to transfer a pending state

employment matter to circuit court, because such a transfer is contrary to case law and the statutory method of administrative appeal and judicial review. Additionally, the Appellants' allegation of unconstitutional inconsistency of the state civil service statute and federal law was not timely advanced below and may not now be considered on appeal to this Court. Furthermore, even if considered, the United States Supreme Court decision in *Will* forecloses a Section 1983 suit against the State Defendants.

¶40. Accordingly, the lower court's vacating the EAB's order of transfer and dismissing the complaint is affirmed.

¶41. **AFFIRMED.**

**PITTMAN, ROBERTS, SMITH AND MILLS, JJ., CONCUR. BANKS, J., CONCURS IN PART AND DISSENTS IN PART WITH SEPARATE WRITTEN OPINION JOINED BY PRATHER AND SULLIVAN, P.JJ. McRAE, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED IN PART BY BANKS, J.**


### BANKS, JUSTICE, CONCURRING IN PART AND DISSENTING IN PART:


¶42. I must dissent in this case because I fear that the circuit court has thrown out the baby with the bath water. To be sure, the baby may be found deserving of dismissal at a later time on other grounds but the asserted lack of jurisdiction is not one of them. Stated briefly, I agree with the majority that the Employee Appeals Board exceeded its authority and shirked its duty by attempting to "transfer" the matter to the circuit court. I also agree that a § 1983 action against the state agencies and the state officials in their official capacity will not lie. Plaintiffs, however, asserted claims against individual defendants in their personal capacity and these claims may not be dispatched for lack of jurisdiction.

¶43. The case upon which the circuit court relies, *Hood v. Miss. Department of Wildlife Conservation*, 571 So. 2d 263 (Miss. 1990), applies res judicata to proceedings before the Employee Appeals Board. It says clearly that the chancery court there had jurisdiction but for the fact that an event establishing claim preclusion had occurred. It was not an exhaustion case on its facts even though the opinion discussed exhaustion. We have, in *Miss. Forestry Comm'n v. Piazza*, 513 So. 2d 1242 (Miss. 1987) held that a direct action for injunctive relief will not lie and that the exclusive remedy for state employment disputes is before the Employee Appeals Board. Of course the law is familiar, that where there is an adequate remedy at law, equitable relief will not be addressed. We have not addressed this requirement in the context of a § 1983 claim, however.

¶44. The question is whether we may interpose an administrative exhaustion requirement on the assertion of that claim. That is a matter of federal law and the federal precedents say quite clearly that we may not. *Patsy v. Board of Regions*, 457 U.S. 496 (1972). Moreover, a § 1983 claim against individual defendants simply does not lie before the Employee Appeals Board. There is nothing in our precedents which suggest the contrary. Both *Hood* and *Piazza* involved agency defendants only.

¶45. The majority suggests a procedural bar on the issue whether an exhaustion requirement contravenes the constitution of the United States. While that is the way that Wright couches a part of his argument, the question whether exhaustion is required is one upon which the state must carry the burden before it may obtain dismissal. The question put to the trial court was whether the circuit court had jurisdiction. It clearly does have jurisdiction of § 1983 claims against individual defendants in their personal capacity. *Hafer v. Melo*, 502 U.S. 21 (1991).

¶46. I would reverse so much of the order of the circuit court as dismisses plaintiffs' claim against individual defendants for lack of jurisdiction.

**PRATHER AND SULLIVAN, P.JJ., JOIN THIS OPINION.**

**McRAE, JUSTICE, DISSENTING:**

¶47. I cannot agree with the majority's choice to align itself with the circuit court by affirming the dismissal of the appellants' claims and precluding suit against individuals under 42 U.S.C. § 1983, because it has abandoned the appellants with no remedy under the law. I respectfully dissent.

¶48. The appellants, as employees of the Mississippi Department of Health, alleged that the conditions there were discriminatory and in violation of state and federal laws. The appellants proceeded to evidentiary hearings with the Employee Appeals Board (EAB), and these hearings were partially completed. However, the EAB refused to address the employment matters further and transferred them to the circuit court. Subsequently, the circuit court vacated the EAB "order of transfer," and dismissed the complaint.

¶49. I take issue with the majority's assertion that the appellants are procedurally barred from arguing that the Mississippi civil service statute is pre-empted by 42 U.S.C. § 1983. The appellants filed a motion for reconsideration on March 10, 1994, which the majority characterizes as untimely under M.R.C.P. 59(e). However, pursuant to M.R.C.P. 60(b), the appellants properly presented an attack upon the final judgment of the circuit court, even after the normal procedures of motion for new trial were no longer available. "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: . . . (6) any other reason justifying relief from the judgment." M.R.C.P. 60(b)(6). The circuit court could have properly entertained the appellants' motion, and the appellants should not be barred on appeal from arguing that the state civil service statute is violative of the United States Constitution.

¶50. While the United States Supreme Court has been clear in stating that § 1983 suits cannot be brought against the state and persons acting in their official capacities for the state, *Will v. Michigan Dept. of State Police*, 491 U.S. 58 (1989), there has never been any preclusion of § 1983 actions against persons in their individual capacities, whether they are state officials or not. Clearly in the matter sub judice, the claimants made complaints against the defendants, in their individual and official capacities as employees with the Mississippi Department of Health. At the very least, the claims against the individual defendants have been validly presented.

¶51. The majority opinion presents a dilemma that has always appeared in the context of claims based on denial of constitutional rights brought before administrative bodies. If the EAB cannot hear the § 1983 claim because the claim may only be brought in state courts or federal courts, but the EAB

cannot transfer a claim from its jurisdiction, where and when can an individual raise claims based on his federal constitutional rights? Must an individual "exhaust administrative remedies," wait until resolution of an appeal through this Court three or four years later, and be faced with expiration of the time in which to file a § 1983 action?

¶52. I commend the EAB for attempting to further the resolution of this matter by shifting it over to the circuit court. Perhaps when this occurs, we should carve out an exception to say that once an administrative matter is filed challenging the constitutionality of an agency's actions, it should be addressed in the agency, as a matter of form. Realizing that the agency cannot resolve the matter, the claimant then should be allowed to raise the claims for the first time on appeal to the circuit court, allowing the circuit court to proceed de novo. This is a procedure similar to the one followed in federal courts where, if a matter is filed in federal court before all state remedies are exhausted, the federal court will stay the matter until resolved below. Accordingly, I dissent.

**BANKS, J., JOINS THIS OPINION IN PART.**