# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2009-CA-00053-SCT

*HILL BROTHERS CONSTRUCTION COMPANY, INC.*

*v.*

*MISSISSIPPI TRANSPORTATION COMMISSION*

| | |
|---|---|
| DATE OF JUDGMENT: | 12/12/2008 |
| TRIAL JUDGE: | HON. WILLIAM F. COLEMAN |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | WILLIAM R. PURDY |
| | RALPH B. GERMANY, JR. |
| | JUSTIN JOHN PETERSON |
| ATTORNEYS FOR APPELLEE: | ALAN M. PURDIE |
| | BETTY RUTH FOX |
| | JAMES T. METZ |
| | MICHAEL EDWIN D'ANTONIO, JR. |
| | DION JEFFERY SHANLEY |
| NATURE OF THE CASE: | CIVIL - CONTRACT |
| DISPOSITION: | REVERSED AND REMANDED - 06/17/2010 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE CARLSON, P.J., DICKINSON AND PIERCE, JJ.**

**DICKINSON, JUSTICE, FOR THE COURT:**

¶1.    This is a dispute over a cost-adjustment provision of a highway construction contract between Hill Brothers Construction Company and the Mississippi Transportation Commission. While we agree with the Commission's interpretation of the provision at issue, we find that it violates the mandate and scope of its enabling statute. We therefore reverse

the trial court's grant of summary judgment in favor of the Commission, and remand for proceedings consistent with this opinion.[1]

### FACTS AND PROCEDURAL HISTORY

¶2. The Commission awarded D. B. Johnson Construction Company, Inc. ("Johnson") a contract for construction of approximately 6.25 miles of highway. After Johnson defaulted, the Commission called upon Johnson's bonding company, Traveler's Casualty and Surety Company of America ("Travelers"), to complete the contract.

¶3. Travelers and Hill Brothers Construction Company, Inc. ("Hill Brothers.") entered into a completion agreement that incorporated all the contract documents and special provisions contained in the contract between Johnson and the Commission. Special Provision #907-109-01 entitled "Measurement & Payment for Changes in Costs of Construction Materials (Fuel and Asphalt)," hereinafter referred to as the "FAC," required certain monthly cost-adjustments for the purposes of reimbursing Hill Brothers for diesel fuel and asphalt used in the project.

¶4. The provision established a fuel base price to be used during the bidding process so that all contractors bidding on the project would have a level playing field with regard to pricing fuel costs into their bids. Actual reimbursements during the contract period would be determined by comparing the base price to a cost index published monthly by the Mississippi Department of Transportation and, where the difference exceeded five percent,

---

[1] The dissent's concern about our remand is misplaced. We remand because we are reversing summary judgment, and this matter must now proceed to trial.

reimbursement rates would be adjusted accordingly. With respect to adjustments in reimbursement rates after the contract period, the last sentence of the FAC provided:

> After the expiration of contract time, including all extensions, adjustments will be computed using fuel and material prices that are in effect at the expiration of the contract time.[2]

¶5. At the time of the completion agreement, Hill Brothers estimated that the work defaulted upon and left unperformed on the Johnson contract would take more than two years to finish, even though less than a month of allowable contract time remained. The Commission extended the contract to March 13, 2004. Hill Brothers completed the contract on March 13, 2006, two years past the expiration of the contract time.

¶6. Prior to the expiration of the contract time, the Commission, through its subordinate and operating entity, the Mississippi Department of Transportation (MDOT), calculated monthly payments for designated pay items affected by oil prices by adjusting the baseline price of petroleum products (established when the contract was originally awarded). The amount of adjustment was controlled by then-current prices as reflected in the index published monthly by MDOT.

¶7. When the contract time expired on March 13, 2004, and the work was not completed. the Commission began to make monthly adjustment payments based on the contract provision recited above. Because prices did not vary to any great extent for a period of time,

---

[2]Hill Brothers had been a party to nine previous contracts with the Commission in which the same clause was included. However, Hill Brothers asserts that it has experienced inconsistent interpretations and applications of this provision, varying "from one MDOT District to another, within the same MDOT District at different times, and even with regard to the same MDOT contract." Hill Brothers argues that it never challenged this because, in the past, the price differential had been insignificant.

this change in the method of determining adjustments had little effect on Hill Brothers' total reimbursements. However, in August 2005, Hurricane Katrina struck the Mississippi Gulf Coast, causing the price of petroleum products to skyrocket.[3] Because the Commission interpreted the contract provision to mean that all reimbursements would be determined using prices in effect at the end of the contract period, Hill Brothers received reimbursements which were far less than amounts actually expended for petroleum products. According to Hill Brothers, the Commission's interpretation cost them nearly $500,000 in unreimbursed petroleum costs. Travelers and Hill Brothers both protested the application of this provision to no avail.

¶8.     Hill Brothers filed suit against the Commission, asserting the Commission breached its contract by improperly applying the FAC and underpaying Hill Brothers. Hill Brothers contended that the proper interpretation of the FAC was for the Commission to replace the bidding baseline in the contract with the actual price of petroleum products at the end of the contract period, and then make monthly adjustments.

¶9.     On September 4, 2008, the Commission moved for summary judgment, arguing that the FAC was unambiguous and that Hill Brothers was not entitled to any damages for the alleged underpayment relating to the FAC. Hill Brothers moved for partial summary judgment, arguing that its interpretation of the FAC was correct or, in the alternative, that the provision was ambiguous and should be construed against the Commission. The

_____

[3]The dissent incorrectly assumes that the contract provision at issue would always work to the detriment of the contractor. To the contrary, if at the end of the contract period fuel prices were lower than at the beginning, the Commission would be required to pay Hill Brothers more for each gallon of fuel than Hill Brothers actually spent. This would result in a windfall for Hill Brothers.

Commission then filed a motion for complete summary judgment, arguing the FAC was not ambiguous.

¶10. In a September 26, 2008, order, the trial court found that the FAC contract provision was unambiguous as interpreted by the Commission and denied Hill Brothers' motion for partial summary judgment. On October 2, 2008, Hill Brothers filed its response to Commission's motion for summary judgment along with its own cross-motion for summary judgment, arguing that the Commission's interpretation of the provision was in conflict with and contrary to Section 31-7-13(i) of the Mississippi Code and therefore should be struck from the contract. Hill Brothers additionally argued that the provision – as the Commission sought to apply it – was unconscionable.

¶11. Following a hearing, the trial court found that the FAC as written, interpreted, and applied by the Commission was not ambiguous, contrary to the statute, or unconscionable. The court found there were no genuine issues of material fact and therefore, the Commission was entitled to summary judgment as a matter of law. From that ruling, Hill Brothers appeals, raising two issues: (1) whether the trial court properly interpreted the fuel adjustment provision; and (2) whether the commission's interpretation violates the authorizing statute such that the limitation on adjustments provided for in the last sentence of the FAC should be struck.

**ANALYSIS**

¶12. We apply a de novo standard of review to the trial court's grant or denial of a motion for summary judgment. *Kuiper v. Tarnabine*, 20 So. 3d 658, 660-61 (Miss. 2009) (citations omitted). A motion for summary judgment "shall" be granted by a court "if the pleadings,

5

depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Miss. R. Civ. P. 56(c).

¶13.    The parties sharply dispute the interpretation of the provision governing how adjustments were to be computed "at the expiration of contract time." Upon reviewing the clear language of the provision, we agree with the trial court that the Commission's interpretation of the provision was correct. However, we find that the provision exceeds the scope of authority granted to the Commission by Section 31-7-13(i), which provides::

> (i) **Road construction petroleum products price adjustment clause authorization**. Any agency or governing authority authorized to enter into contracts for the construction, maintenance, surfacing or repair of highways, roads or streets, may include in its bid proposal and contract documents a price adjustment clause *with relation to the cost to the contractor*, including taxes, based upon an industry-wide cost index, of petroleum products including asphalt used in the performance or execution of the contract or in the production or manufacture of materials for use in such performance. Such industry-wide index shall be established and published monthly by the Mississippi Department of Transportation with a copy thereof to be mailed, upon request, to the clerks of the governing authority of each municipality and the clerks of each board of supervisors throughout the state. *The price adjustment clause shall be based on the cost of such petroleum products only* and shall not include any additional profit or overhead as part of the adjustment. The bid proposals or document contract shall contain the basis and methods of adjusting unit prices for the change in the cost of such petroleum products.

Miss. Code Ann. § 31-7-13(i) (Rev. 2008) (emphasis added).

¶14.    This Court has held that the "interpretation given [a] statute by the agency chosen to administer it should be accorded deference." *Williams v. Puckett*, 624 So. 2d 496, 499 (Miss. 1993) (citing *Gill v. Dept. of Wildlife Conservation*, 574 So. 2d 586, 593 (Miss. 1990)). However, this Court will not defer to the agency's interpretation of the statute if it

6

is repugnant to the plain meaning thereof. *Kerr-McGee Chem. Corp. v. Buelow*, 670 So. 2d 12, 16 (Miss. 1995). Furthermore, the "powers legislatively granted to and exercised by an administrative agency are limited to and must not exceed the authority prescribed by the legislative enactment." *Miss. Pub. Serv. Comm'n v. Miss. Power & Light Co.*, 593 So. 2d 997, 1000 (Miss. 1991) (citing cases).

> Section 31-7-13(i) clearly provides that an agency's bid proposal may include "a price adjustment clause, *with relation to the cost of the contractor . . . based upon an industry-wide cost index of petroleum products* including asphalt *used in the performance or execution of the contract. . . .* Such industry-wide index shall be . . . published monthly . . . . *The price adjustment clause shall be based on the cost of such petroleum products only* and shall not include any additional profit or overhead as part of the adjustment." Miss. Code Ann. § 31-7-13(i) (Rev. 2008).

¶15.    In inserting a fuel-adjustment clause into its contract, the Commission was bound to follow the statutory requirements. The last sentence of the FAC contravenes this mandate by basing the fuel adjustments on the price of fuel on an arbitrary date unrelated to the date the fuel was purchased, and unrelated to the actual cost of the fuel to the contractor. Thus, the price adjustment was not "in relation to the cost of the contractor." Rather, the adjustment was fixed arbitrarily based on the prices of petroleum products on the day the contract expired.

¶16.    The Commission argues that this Court's decision in *Farrish Gravel Co., Inc. v. Miss. State Highway Comm'n*, 458 So. 2d 1066 (Miss. 1984), controls. In *Farrish*,

contractors filed suit alleging the following clause violated Mississippi Code Section 31-7-39,[4] a statute nearly identical to Section 31-7-13(i).

> Adjustments herein provided shall not apply to fuels consumed or materials incorporated into the work during any monthly estimate period falling wholly after the expiration of contract time as determined by checked final quantities.

*Farrish*, 458 So. 2d at 1067. The contractors contended that the petroleum adjustment could not be limited just to the work done during the contract period. *Id.* at 1068. After quoting the chancery court's order denying the contractors' claim, this Court, with little discussion, stated "We are of the opinion that there is no merit in this assignment." *Id.* at 1069.

¶17. Although we do not have the benefit of reading the entire contract in *Farish*, it is distinguishable from today's case in that it completely eliminated adjustments "after the expiration of contract time." Thus, the question in *Farrish* was whether the statute applied to contracts with no adjustment clause after the contract term. The contract provision in

---

[4]Provided further, any public authority authorized to enter into contracts for the construction, maintenance, surfacing or repair of highways, roads or streets, including any department or agency of the State of Mississippi and its political subdivisions, may include in its bid proposal and contract documents a price adjustment clause with relation to the cost to the contractor, including taxes, based upon an industry wide cost index, of petroleum products including asphalt used in the performance or execution of the contract or in the production or manufacture of materials for use in such performance; such industry wide cost index to be established and published monthly by the State Highway Department with a copy thereof to be mailed to the clerks of the governing authority of each municipality and the clerks of each board of supervisors throughout the state. The price adjustment clause shall be based on such cost of said petroleum products only and shall not include any additional profit or overhead as part of the adjustment. The bid proposals or document contract shall contain the basis and methods of adjusting unit prices for the change in such cost of said petroleum products.

Miss. Code Ann. § 31-7-39 (1975) (repealed 1981).

today's dispute, however, does include a fuel-adjustment provision which must comply with the statutory requirements. The Commission continued to pay adjustments after the expiration of the contract time, but the adjustments were computed using the prices in effect at the expiration of the contract period, rather than the index price for that particular month.

¶18. The Commission argues that its authority to determine how price adjustments for fuel consumed during a construction project will be made is "necessarily implied" from language in Section 31-7-13(i), which states that "[t]he bid proposals or document contract shall contain the basis and methods of adjusting unit prices for the change in such cost of said petroleum products." This argument completely ignores the Commission's current position that reimbursements following the contract period were not adjusted at all. Providing for no adjustment is not providing "the basis and methods of adjusting the unit prices for the change" in the cost of fuel. Such adjustments are required by the specific statutory language relied upon by the Commission.

## CONCLUSION

¶19. We find the provision in question is unambiguous, and the plain meaning of the words used in the FAC support the Commission's interpretation of the contract. However, the last sentence of the FAC, locking in reimbursements to Hill Brothers based on the price of petroleum as of the expiration of contract time, contravenes the requirements of Section 31-7-13(i) and thus must be struck from the agreement. The judgment of the trial court is reversed and this matter is remanded for further proceedings consistent with this opinion.

¶20. **REVERSED AND REMANDED**.

9

**WALLER, C.J., CARLSON, P.J., KITCHENS, CHANDLER AND PIERCE, JJ., CONCUR. RANDOLPH, J., CONCURS IN RESULT ONLY. GRAVES, P.J., DISSENTS WITH SEPARATE WRITTEN OPINION, JOINED BY LAMAR, J.**

**GRAVES, PRESIDING JUSTICE, DISSENTING:**

¶21. I agree with the majority that the contract provision at issue is unambiguous and has been properly interpreted by the Mississippi Transportation Commission; however, I disagree that the provision contravenes Mississippi Code Section 31-7-13(I), the statute authorizing the Commission to promulgate petroleum price-adjustment provisions in its construction contracts. Miss. Code Ann. § 31-7-13(i) (Rev. 2008). The majority's holding and disposition is problematic not only because of its legal analysis, but also because it is unreasonable for this Court to hold that the provision must be struck from the contract and to remand this case to the trial court for further proceedings. Striking the provision from the contract does not answer the ultimate question of what additional amount, if any, Hill Brothers should be reimbursed for petroleum costs, and it is not appropriate to remand a case to the trial court when there are no additional facts that need to be established. Therefore, I must respectfully dissent and would affirm the trial court's order granting the Commission's motion for complete summary judgment.

¶22. Section 31-7-13(i) in no way prohibits the Commission from including the provision at issue in its construction contracts; the majority is reading into the statute restrictions that the plain language of the statute does not impose. As the trial court held, "nothing in the enabling statute [] would prevent [the Commission] from 'sunsetting' the FAC [the Fuel Adjustment Clause – i.e., the provision] at contract's end since the statute leaves the duration and other parameters of a FAC to [the Commission's] discretion, including whether to place

10

one in the contract at all." As the trial court further found, the provision at issue is a provision that Hill Brothers – a sophisticated contracting party – freely agreed to and "knew or should have known how [i]t operated having been a party to nine previous contracts with [the Commission] wherein the same clause was included." The trial court noted that Hill Brothers could have negotiated (with Travelers) a separate and distinct petroleum price-adjustment clause, just as it did other terms of the agreement, like time of completion of work, but it did not. The provision is sensible in that it gives incentive to companies contracting with the Commission to complete their construction projects before their contracts expire and, in so doing, to avoid the possibility of having to absorb the cost of rising petroleum prices.

¶23. Moreover, it is unreasonable for the majority to hold that the provision must be struck from the contract and to remand this case to the trial court for further proceedings. Striking the provision from the contract does not answer, or at least not explicitly answer, the ultimate question the parties seek to have resolved: what additional amount, if any, should Hill Brothers be reimbursed for petroleum costs. In other words, declaring that the provision must be struck does not indicate whether this Court is holding that the petroleum reimbursements following the expiration of the contract should have been adjusted based on the index published monthly by the Mississippi Department of Transportation (as they were before the contract expired); whether the post-expiration reimbursements should not have been adjusted at all; or whether some other reimbursement calculation should have been used. Furthermore, this is not an appropriate case for this Court to remand to the trial court

11

for further proceedings, because there are no additional facts that need to be established; the issues Hill Brothers presents are solely questions of law that this Court should decide.

¶24.   Accordingly, I must respectfully dissent and would affirm the trial court's order granting the Commission's motion for complete summary judgment.

**LAMAR, J., JOINS THIS OPINION.**