# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2019-IA-01483-SCT

## CONSOLIDATED WITH

## NO. 2009-CA-00053-SCT

*LIBERTY MUTUAL INSURANCE COMPANY
AND HILL BROTHERS CONSTRUCTION
COMPANY, INC.*

*v.*

*THE MISSISSIPPI TRANSPORTATION COMMISSION*

| | |
|---|---|
| DATE OF JUDGMENT: | 09/04/2019 |
| TRIAL JUDGE: | HON. ELEANOR JOHNSON PETERSON |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANTS: | SIMON T. BAILEY |
| | WILLIAM R. PURDY |
| | RALPH B. GERMANY, JR. |
| | STEVIE F. RUSHING |
| | JAMES STEPHEN FRITZ, JR. |
| ATTORNEYS FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: CHRISTOPHER H. CORKERN |
| | ALAN M. PURDIE |
| NATURE OF THE CASE: | CIVIL |
| DISPOSITION: | REVERSED AND REMANDED - 05/06/2021 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

## BEFORE KING, P.J., CHAMBERLIN AND ISHEE, JJ.

## CHAMBERLIN, JUSTICE, FOR THE COURT:

¶1. This case involves a dispute between Liberty Mutual Insurance Company (Liberty Mutual), Hill Brothers Construction Company (Hill Brothers) and the Mississippi Transportation Commission (the Commission) regarding a fuel-adjustment clause (the FAC)

in a highway-construction contract. *See generally **Hill Bros. Constr. Co., Inc. v. Miss. Transp. Comm'n***, 42 So. 3d 497, 497 (Miss. 2010) (***Hill Bros. I***). In 2019, the Commission filed a motion to alter or amend the circuit court's judgment under Mississippi Rule of Civil Procedure 59(e) (the Rule 59(e) Motion), which the circuit court granted (the 2019 Order), vacating its prior entry of partial summary judgment in favor of Liberty Mutual on the issue of liability (the 2018 Order), and effectively[1] denying Liberty Mutual's motion for summary judgment.

¶2. Liberty Mutual sought, and this Court granted, interlocutory appeal, arguing that the 2019 Order was entered in violation of the Court's mandate in ***Hill Brothers I***. We find that the circuit court erred by granting the Rule 59(e) Motion, effectively denying Liberty Mutual's motion for partial summary judgment. Accordingly, we reverse the circuit court's 2019 Order and reinstate the circuit court's 2018 Order granting Liberty Mutual partial summary judgment on the issue of liability.

## FACTS AND PROCEDURAL HISTORY

¶3. In 2000, the Commission awarded a contract to D.B. Johnson Construction Company, Inc. (D.B. Johnson) for the construction of a stretch of highway. ***Hill Bros. I***, 42 So. 3d at 498. After D.B. Johnson defaulted, the Commission called on D.B. Johnson's bonding company, Travelers Casualty and Surety Company of America (Travelers), to complete the

---

[1] Further discussion regarding the circuit court's effective, yet inexplicit, denial of Liberty Mutual's motion for partial summary judgment is found in footnote 6.

2

project.  *Id.*  Travelers and Hill Brothers entered into a completion agreement that incorporated all of the contract documents and special provisions contained in the contract between D.B. Johnson and the Commission.  *Id.*  "Special Provision # 907-109-01 [sic][2] entitled 'Measurement & Payment for Changes in Costs of Construction Materials (Fuel and Asphalt),' hereinafter referred to as the 'FAC,' required certain monthly cost-adjustments for the purposes of reimbursing Hill Brothers for diesel fuel and asphalt used in the project."  *Id.* The FAC established a base price for fuel to be utilized during the contract bidding process, with actual reimbursements during the contract period "determined by comparing the base price to a cost index published monthly by the Mississippi Department of Transportation and, where the difference exceeded five percent, reimbursement rates would be adjusted accordingly."  *Id.*

¶4.     Before our decision in *Hill Brothers I*, the FAC read as follows:

> 907-109.07 - Changes in Material Costs.  Because of the uncertainty in estimating the costs of petroleum products that will be required during the life of a contract, adjustment in compensation for certain materials is provided as follows:
>
> Bituminous Products--Each month the Department will acquire unit prices from producers or suppliers who supply the State highway construction industry with bituminous products.  The average of all quotes for each product will serve as the base price for contracts let in the subsequent month.
>
> Fuels–Selected cash price quotations for bulk gasoline and diesel fuel will be taken from Platt's Oilgram PAD 2 and PAD 3.  The appropriate adjustment per gallon for gasoline and diesel fuel will be added to the quotations to allow for

---

[2] The correct title of the FAC is "Special Provision No. 907-109-10."

3

taxes and markups.  The prices thus determined will serve as the base prices for contracts let in the subsequent month.

The established base prices for bituminous products and fuels will be included in the contract documents under a Notice to Bidders entitled "Petroleum Products Base Prices for Contracts Let In (Month and Year)."

Each month thereafter the Engineer will be furnished with the current monthly prices.  Adjustments for change in cost will be determined from the difference in the contract base prices and the prices for the period that the work is performed and for the quantities completed provided the price change in a product is more than five percent.  Adjustments may increase or decrease compensation depending on the difference between the base prices and prices for the estimate period.

The adjustments will be determined for the quantities of bituminous products and the average fuel requirements for processing a unit of work as set forth herein.

¶5.    The remaining portion related to the above-quoted language of the FAC entitled "Cost Adjustment Factors for Fuel Usage" provided different items of work, units of measure, codes and corresponding factors for diesel and gasoline fuel.  The portion entitled "Construction Materials" defined adjustment codes for certain construction materials.  The third page of the FAC provided as follows:

Any difference between checked final quantity and the sum of quantities shown on the monthly estimates for any item will be adjusted by the following formula:

$$FA = (FCQ - PRQ) \times EA$$

Where FA = Final Adjustment
FCQ = Final Checked Quantity
PRQ = Total Quantity Previously Reported on Monthly Estimate
EA = Total Adjustment Shown on Monthly Estimate

The final adjustment is to consider any error(s) that may have been made in the

4

computations of monthly adjustments.

Finally, the FAC contained the following language (the Violating Clause): "After the expiration of contract time, including all authorized extensions, adjustments will be computed using fuel and material prices that are in effect at the expiration of contract time."

*Id.*

¶6.     The Commission extended the contract deadline to March 13, 2004, and Hill Brothers completed the contract on March 13, 2006. *Id.* Before the contract deadline in March 2004, the Commission, through the Mississippi Department of Transportation, "calculated monthly payments for designated pay items affected by oil prices by adjusting the baseline price of petroleum products (established when the contract was originally awarded)." *Id.* After the contract deadline, the Commission made reimbursements based on the Violating Clause. *Id.* at 498-99. The calculation change had little impact on Hill Brothers' bottom line—that is, until Hurricane Katrina struck the Mississippi Gulf Coast in August 2005, resulting in a sizable increase in petroleum prices. *Id.* at 499. Utilizing the Violating Clause that determined reimbursements using prices in effect on March 13, 2004, Hill Brothers received far less in reimbursements than the amount it actually expended for fuel. *Id.*

¶7.     Hill Brothers filed suit against the Commission for breach of contract through improper application of the FAC. *Id.* In September 2008, the Commission filed motions for partial and full summary judgment, and Hill Brothers filed a motion for partial summary judgment on the issues of the FAC's ambiguity and Hill Brothers' entitlement to damages

5

for underpayment under the FAC. *Id.* The circuit court found that the FAC was unambiguous and denied Hill Brothers' motion for partial summary judgment. *Id.* Hill Brothers then filed a response to the Commission's motion for summary judgment and filed a cross-motion for summary judgment, arguing that the Commission's interpretation of the FAC conflicted with the authorizing statute, Mississippi Code Section 31-7-13(i) (Rev. 2008). *Id.*

¶8.     The circuit court found "that the FAC as written, interpreted, and applied by the Commission was not ambiguous, contrary to the statute, or unconscionable," that "there were no genuine issues of material fact and . . . [that] the Commission was entitled to summary judgment as a matter of law." *Id.* Hill Brothers appealed, arguing that the circuit court improperly interpreted the FAC and that the Commission's interpretation violated the authorizing statute such that the final clause ought to be struck. *Id.* In *Hill Brothers I*, we struck the Violating Clause since it locked in price adjustments upon the expiration of contract time and, as a result, violated Mississippi Code Section 31-7-13(i) (Rev. 2008). *Id.* at 502. We reversed the decision of the circuit court and remanded the case for further proceedings. *Id.* In December 2015, following Hill Brothers' motion to substitute Liberty Mutual as the plaintiff, which the Commission opposed, and a hearing the Commission did not attend,[3] the circuit court ordered that Liberty Mutual be substituted as the plaintiff at the

---

[3] Liberty Mutual raises the issue of its own standing on appeal, but the Commission does not address standing. To the extent the issue of standing is properly before us, we find that Liberty Mutual meets Mississippi's liberal standing requirements to prosecute this

trial court, leaving Liberty Mutual "stand[ing] in the place of the former [p]laintiff, Hill Brothers . . . , for purposes of the litigation and any remaining proceedings . . . ."[4]

¶9. On November 13, 2018, the circuit court granted Liberty Mutual's motion for partial summary judgment on the issue of liability (the 2018 Order). In the 2018 Order, the circuit court recognized the Court's holding in *Hill Brothers I*: the Violating Clause violated Mississippi Code Section 31-7-13(i) and, therefore, the Court struck it from the FAC. The circuit court held that "pursuant to the plain and unambiguous language of the contract, that Plaintiff is entitled to recover fuel adjustments after the expiration of the 'contract time' but during the 'lifetime of the contract.'" Therefore, the circuit court denied the Commission's motion to dismiss and/or motion for summary judgment and granted Liberty Mutual's motion for partial summary judgment, holding that Liberty Mutual was entitled to monthly fuel adjustments following the expiration of contract time.

¶10. Then, the circuit court determined that the appropriate formula on which to base monthly fuel-cost adjustments "should be calculated based on the same formula used by the parties prior to the expiration of the contract time" or, in other words, "based on a comparison of the base fuel price to the monthly index identified in the Special Provision No. 907-109-10." Having determined that the Commission was liable and the appropriate

appeal since it holds a colorable interest in the subject matter of this litigation grounded in a legal right obtained through an assignment. *See Frisby v. City of Gulfport (In re City of Biloxi)*, 113 So. 3d 565, 570 (Miss. 2013).

[4] Liberty Mutual and Hill Brothers are referred to as "Liberty Mutual."

formula for calculating monthly fuel adjustments, the circuit court provided that "this matter shall proceed to trial on the issue of damages."

¶11.    On November 23, 2018, the Commission filed the Rule 59(e) Motion.  On September 4, 2019, the circuit court granted the Commission's Rule 59(e) Motion.[5]  In the 2019 Order, the circuit court found that the Supreme Court neither reviewed nor ruled on the issue of liability under the FAC in *Hill Brothers I*.  Therefore, the circuit court found that the circuit court's interpretation of *Hill Brothers I* in the 2018 Order constituted "a clear error of law as there was no finding on liability by the Supreme Court."  The circuit court determined that the 2018 Order acted to "reform[] and/or modif[y] the contract by granting post-expiration contract reimbursements using pre-expiration monthly adjustments from another section of the FAC."  Reasoning that *Hill Brothers I* did not find a mistake in the formation of the FAC, the circuit court held that the 2018 Order impermissibly reformed the FAC.  As a result, the circuit court vacated the 2018 Order.

¶12.    On appeal, Liberty Mutual argues that the trial court's holding on remand that *Hill Brothers I* did not address how reimbursements should be computed after contract time expired violated the Court's mandate from *Hill Brothers I*.  In response, the Commission argues that the circuit court did not err by both granting its Rule 59(e) Motion and by denying Liberty Mutual's motion for summary judgment and holding that the circuit court's 2018

---

[5] Judge Joseph Sclafani entered the 2018 Order.  After taking the bench, Judge Faye Peterson entered the 2019 Order.

Order improperly reformed and/or modified the FAC.

## ISSUE ON APPEAL

¶13.    The parties agree that a single issue is present in this appeal—whether the circuit court followed the Court's **Hill Brothers I** mandate.  However, while an examination of the Court's **Hill Brothers I** mandate is certainly necessary here, since the circuit court in 2019 vacated its prior 2018 Order pursuant to Rule 54(b) of the Mississippi Rules of Civil Procedure, effectively denying Liberty Mutual's motion for partial summary judgment pursuant to Rule 56, the dispositive issue is whether the circuit court erred by denying Hill Brothers' motion for partial summary judgment.[6]

## STANDARD OF REVIEW

¶14.    The 2019 Order, that as discussed below should have been analyzed under Rule 54(b), involves analysis of the circuit court's 2018 Order granting partial summary judgment to Liberty Mutual on the issue of liability.  "This Court reviews de novo the grant or denial of summary judgment." **Mut. of Omaha Ins. Co. v. Driskell**, 293 So. 3d 261, 264 (Miss. 2020)

---

[6] By granting the Rule 59(e) Motion, the circuit court in 2019 vacated the 2018 Order that granted Liberty Mutual partial summary judgment on the issue of liability.  In the 2019 Order, the circuit court determined that "[t]he Supreme Court struck the void provision and, therefore, expelled any provision for the FAC after the expiration of the contract."  While not making any explicit ruling on the issue in its 2019 Order, the effect of granting the Rule 59(e) Motion was a denial of Liberty Mutual's motion for partial summary judgment on the issue of liability.  Since the 2018 Order was vacated, the case would necessarily move to a full trial on the merits of each claim.  Therefore, we find that the Rule 59(e) Motion effectively denied Liberty Mutual's motion for partial summary judgment on the issue of liability, and we review the circuit court's decision as a ruling on a motion for partial summary judgment.

(citing *Mladineo v. Schmidt*, 52 So. 3d 1154, 1160 (Miss. 2010)). "[I]f the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact . . . the moving party is entitled to a judgment as a matter of law." *Id.* (alterations in original) (internal quotation marks omitted) (quoting Miss. R. Civ. P. 56(c)). Further, "[e]vidence is viewed in the light most favorable to the nonmoving party, and the movant bears the burden to show no genuine issue of material fact exists." *Id.* (citing *Mladineo*, 52 So. 3d at 1160).

**ANALYSIS**

¶15.    Today we hold that the circuit court erred in the 2019 Order by effectively denying Liberty Mutual's motion for partial summary judgment on the issue of liability and, likewise, we reinstate the circuit court's 2018 Order granting Liberty Mutual partial summary judgment. Mississippi Rule of Civil Procedure 59(e) provides that "[a] motion to alter or amend the judgment shall be filed not later than ten days after entry of the judgment." Miss. R. Civ. P. 59(e). And we have recognized that "[u]nder Rule 59, the trial judge has discretion to grant a new trial or to amend the judgment 'if convinced that a mistake of law or fact has been made, or that injustice would attend allowing the judgment to stand.'" *Gordon v. Wall (In re Estate of Waller)*, 273 So. 3d 717, 721 (Miss. 2019) (internal quotation marks omitted) (quoting *McNeese v. McNeese*, 119 So. 3d 264, 272 (Miss. 2013)). Further, this Court "has held that 'in order to succeed on a Rule 59(e) motion, the movant must show (i) an intervening change in controlling law, (ii) availability of new evidence not

10

previously available, or (iii) need to correct a clear error of law to prevent manifest injustice.'" *Fulton v. Miss. Farm Bureau Cas. Ins. Co.*, 105 So. 3d 284, 287 (Miss. 2012) (quoting *Brooks v. Roberts*, 882 So. 2d 229 (Miss. 2004)).

¶16.   The circuit court, however, should have assessed the Rule 59(e) Motion under Rule 54(b).  Rule 54(b) provides that

> When more than one claim for relief is presented in an action, whether as a claim, counter-claim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an expressed determination that there is no just reason for delay and upon an expressed direction for the entry of the judgment.  In the absence of such determination and direction, any order or other form of decision, however designated which adjudicates fewer than all of the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties *and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.*

Miss. R. Civ. P. 54(b) (emphasis added).  In *Maness v. K&A Enterprises of Mississippi, LLC*, 250 So. 3d 402, 415 (Miss. 2018), we recognized that "the reconsideration of interlocutory orders proceeds pursuant to Rule 54(b)."  Since the 2018 Order only granted Liberty Mutual partial summary judgment on the issue of liability and, therefore, was an interlocutory order, the circuit court in 2019 erred by analyzing Liberty's Mutual's motion under Rule 59(e) and instead should have simply revised the 2018 Order.  Though the 2019 circuit court erred by ruling on the Rule 59(e) Motion as styled by the Commission rather than by simply revising the 2018 Order to deny summary judgment through its inherent powers to do so under Rule 54(b), we still reverse on de novo review of the 2019 circuit

11

court's denial of Liberty Mutual's motion for partial summary judgment. Therefore, any error committed by the 2019 circuit court in employing "the tougher Rule 59 standard" has no impact on our review today. *Id.*

¶17.　The 2018 Order provided, in relevant part, as follows:

> Thus, the Mississippi Supreme Court struck from the contract the formula for calculating fuel adjustments after the expiration of the contract time and remanded the case for further proceedings consistent with its opinion. [*See Hill Bros. I*, 42 So. 3d at 502].
>
> . . . .
>
> The Court holds, pursuant to the plain and unambiguous language of the contract, that Plaintiff is entitled to recover fuel adjustments after the expiration of the "contract time" but during the "lifetime of the contract." The Court further holds that in rendering its opinion, the Mississippi Supreme Court simply struck the formula for calculating fuel adjustment [sic] after the expiration of the "contract time" but during the "lifetime of the contract," and did not invalidate or void Plaintiff's contractual right to recover such fuel adjustments. Plaintiff clearly possesses a contractual right to receive fuel adjustments after the expiration of the "contract time" but during the "lifetime of the contract." Thus, Defendant's motion to dismiss and/or motion for summary judgment should be denied.
>
> . . . .
>
> Having determined that Plaintiff is contractually entitled to receive a monthly fuel adjustment . . . , the Court must determine what formula will be utilized in calculating such monthly fuel adjustments. Under these facts and circumstances, the Court holds that the monthly fuel adjustment after the expiration of the "contract time" but during the "lifetime of the contract" should be calculated based on the same formula utilized by the parties prior to the expiration of contract time. Specifically, . . . monthly fuel adjustments should be made based on a comparison of the base fuel price to the monthly index identified in the Special Provision No. 907-109-10. This formula complies with the statutory requirements of Mississippi Code § 31-7-13(i)–which mandates that fuel adjustments shall be based on the actual cost

12

of fuel to the contractor.

Finally, this matter shall proceed to trial on the issue of damages.

¶18.   In the 2019 Order, the circuit court reviewed the above-quoted language from the 2018 Order.  In doing so, it determined that "[t]he prior Court interpreted the ruling of the Mississippi Supreme Court as a finding that Plaintiff was entitled to compensation for fuel adjustments after the expiration of the contract and applied the formula used to determine fuel adjustments during the life of the contract."  Further, the circuit court in 2019 found that the Court in *Hill Brothers I* did not review or rule on the issue of liability.  Citing the issues on appeal in *Hill Brothers I*, the circuit court posited that the Court in *Hill Brothers I* ultimately "found that the last sentence was unambiguous but invalid for its failure to comply with the authorizing statute."  Thus, the circuit court in 2019 found that the circuit court's ruling in the "2018 Order was a clear error of law as there was no finding on liability by the Supreme Court."

¶19.   Analyzing our precedent, and quoting *Covenant Health Rehab of Picayune, L.P. v. Brown*, 949 So. 2d 732 (Miss. 2007), *overruled on other grounds by Covenant Health & Rehabilitation of Picayune, LP v. Estate of Moulds ex rel. Braddock*, 14 So. 3d 695 (Miss. 2009), the circuit court went on to recognize that when a court strikes as void a portion of an agreement, the remaining contract is still binding.  Then, examining cases dealing with enforcement of remaining terms of arbitration contracts with provisions that were found unconscionable, the circuit court opined that in neither *Brown* nor *Russell v. Performance*

13

***Toyota, Inc.***, 826 So. 2d 719 (Miss. 2002), "was the stricken provision at issue or the sole controlling basis for relief as it is in this case." The court moved on, noting that the inclusion of the FAC is not mandatory, but discretionary under Mississippi Code Section 31-7-13(i) (Rev. 2020).

¶20. Further, the court reviewed ***Hill Brothers I***, stating that "[t]he Supreme Court struck the language calculating FAC reimbursements after the expiration of the contract, leaving the contract without any provision detailing how these reimbursements, if any, could be calculated." And it reasoned that "[t]he Court made no finding that the provision was a mistake, which would permit the trial court leave to take the extraordinary step of reforming the contract." Additionally, the circuit court opined that by holding that Liberty Mutual was entitled to post contract time-expiration reimbursements using pre contract time-expiration adjustments from another section of the FAC and without the Court's finding in ***Hill Brothers I*** of a mutual mistake, the circuit court reformed and/or modified the FAC in 2018. Moreover, the circuit court reviewed its assessment of the end result of ***Hill Brothers I***: the Court "struck the void provision and, therefore, expelled any provision for the FAC after the expiration of the contract."

¶21. The circuit court in 2019 erred in its conclusion that "the prior Court's interpretation of the Mississippi Supreme Court's ruling in its 2018 Order was a clear error of law . . . ." The 2019 Order provided that the 2018 Order "reformed and/or modified the contract by granting post-expiration contract reimbursements using pre-expiration monthly adjustments

14

from another section fo the FAC." We find that the circuit court committed error in the conclusions it reached—both that the circuit court in 2018 reformed the contract and that the circuit court in 2018 committed a clear error of law.

¶22. In its 2018 Order, the circuit court simply applied the FAC without the Violating Clause following remand and did not reform or modify the FAC. "Mississippi case law . . . holds that if a court strikes a portion of an agreement as being void, the remainder of the contract is binding." *Russell v. Performance Toyota, Inc.*, 826 So. 2d at 725 (Miss. 2002) (citing *Lawler v. Gov't Emps. Ins. Co.*, 569 So. 2d 1151, 1153 (Miss. 1990)). In *Hill Brothers I*, we merely struck the a clause of the FAC that violated the authorizing statute for price-adjustment clauses as it related to post contract time-fuel cost adjustments. *Hill Bros. I*, 42 So. 3d at 502 ("[T]he last sentence of the FAC, locking in reimbursements to Hill Brothers based on the price of petroleum as of the expiration of contract time, contravenes the requirements of Section 31-7-13(i) and thus must be struck from the agreement."). Since the remainder of the FAC was binding after the *Hill Brothers I* Court struck the last sentence of the FAC, the circuit court's 2018 Order did not effect a reformation of the FAC.

¶23. Additionally, the circuit court in 2019 erred by denying Liberty Mutual's motion for partial summary judgment on the issue of liability. The circuit court in 2018 properly granted partial summary judgment in favor of Liberty Mutual on the issue of liability. Again, Mississippi Rule of Civil Procedure 56(c) provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions

15

of file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Miss. R. Civ. P. 56(c). Further, "[a] summary judgment, interlocutory in character, may be rendered *on the issue of liability alone*, although there is a genuine issue as to the amount of damages." Miss. R. Civ. P. 56(c) (emphasis added). And facts are "material if [they] 'tend[] to resolve any of the issues properly raised by the parties.'" ***Ladnier v. Hester***, 98 So. 3d 1025, 1028 (Miss. 2012) (quoting ***Moss v. Batesville Casket Co., Inc.***, 935 So. 2d 393, 398 (Miss. 2006)).

¶24. The Court in ***Hill Brothers I*** provided explicit commands to the circuit court for remand: (i) "[w]e therefore reverse the trial court's grant of summary judgment in favor of the Commission, and remand for proceedings consistent with this opinion[;]" (ii) "[w]e remand because we are reversing summary judgment, and this matter must now proceed to trial." ***Hill Bros. I***, 42 So. 3d at 497-98; 498 n.1. After examining the FAC, we also clearly found that "the provision in question is unambiguous, and the plain meanings of the words used in the FAC support the Commission's interpretation of the contract." ***Id.*** at 502. Further, we held that despite the unambiguous, plain meaning of the FAC, "the last sentence of the FAC . . . contravenes the requirements of Section 31-7-13(i) and thus must be struck from the agreement." ***Id.***

¶25. The issue of the FAC's ambiguity was certainly before the Court in ***Hill Brothers I***. ***Id.*** at 499 ("Hill Brothers appeals, raising two issues: (1) whether the trial court properly

16

interpreted the fuel adjustment provision . . . .").  The circuit court's interpretation of the FAC, to the extent it determined the FAC to be unambiguous, was upheld by the Court.  *See id.* at 499, 502.  Further, the ***Hill Brothers I*** decision concerned the same parties and the facts are not only similar, but are indeed identical in the present appeal.  *See **id.*** at 497-99.  The Court's ***Hill Brothers I*** decision clearly resolved the question of ambiguity.  Therefore, the controlling rule of the case is that the FAC is unambiguous.[7]

¶26.    Given that the FAC is unambiguous, and contrary to the circuit court's conclusion in its 2019 Order, the circuit court in 2018 did not err by granting summary judgment on the issue of liability in favor of Liberty Mutual.  In summary judgment cases, "[q]uestions of contract construction and ambiguity are 'questions of law that are committed to the court rather than questions of fact committed to the fact finder.'"  ***Epperson v. SOUTHBank***, 93 So. 3d 10, 17 (Miss. 2012) (quoting ***Royer Homes of Miss., Inc. v. Chandeleur Homes, Inc.***, 857 So. 2d 748, 752-53 (Miss. 2003))).  Indeed, we "have long held that when a contract is

---

[7] In ***Hill Brothers I***, the Court clearly defined the bounds of the provision subject to its analysis: "Special Provision # 907-109-01 [sic] entitled 'Measurement & Payment for Changes in Costs of Construction Materials (Fuel and Asphalt),' hereinafter referred to as the 'FAC,' required certain monthly cost-adjustments for the purposes of reimbursing Hill Brothers for diesel fuel and asphalt used in the project." ***Hill Bros. I***, 42 So. 3d at 498. The Court later concluded that "the provision in question is unambiguous, and the plain meaning of the words used *in the FAC* support the Commission's interpretation of the contract. However, *the last sentence of the FAC* . . . contravenes the requirements of Section 31-7-13(i) and thus must be struck from the agreement." ***Id.*** at 502 (emphasis added). Thus, the ***Hill Brothers I*** Court considered the last Violating Clause to be a portion of the entire FAC and, therefore, our finding that the FAC was unambiguous applied to the FAC in its entirety—not simply the Violating Clause.

clear and unambiguous in its wording, its meaning and effect are matters of law." *Farmland Mut. Ins. Co. v. Scruggs*, 886 So. 2d 714, 717 (Miss. 2004) (quoting *U.S. Fidelity & Guar. Co. v. Omnibank*, 812 So. 2d 196, 198 (Miss. 2002)).

¶27. Reviewing de novo the 2018 Order, and therefore Liberty Mutual's motion for partial summary judgment on the issue of liability, we conclude that the circuit court in 2018 properly granted Liberty Mutual's motion for partial summary judgment. By the same token, the circuit court in 2019 erred by denying Liberty Mutual's motion for partial summary judgment in the 2019 Order. To that end, Liberty Mutual established that there was no genuine dispute as to the Commission's breach of the FAC for post contract time reimbursements. Viewing the facts in the light most favorable to the Commission, the circuit court in 2018 had before it undisputed facts establishing that the Commission was liable for payments to Liberty Mutual as a matter of law.

¶28. The Commission did not dispute, in its statement of undisputed fact attached to its response to Liberty Mutual's motion for partial summary judgment, that it was obligated to pay Liberty Mutual for fuel costs pursuant to the FAC following the expiration of contract time. Indeed, when looking to both Liberty Mutual's and the Commission's statements of undisputed facts accompanying Liberty Mutual's motion for summary judgment and the Commission's response to Liberty Mutual's motion, only the meaning of the FAC, not facts establishing or negating the FAC's validity, were disputed. Therefore, all that was left for the circuit court to determine on remand was whether, as a matter of law, the Commission

18

was liable to Liberty Mutual and the appropriate formula for calculating damages.

¶29.   We have recognized that "[a] breach-of-contract case has two elements: (1) 'the existence of a valid and binding contract,' and (2) a showing 'that the defendant has broken, or breached it.'" *Maness*, 250 So. 3d at 414 (quoting *Bus. Commc'ns, Inc. v. Banks*, 90 So. 3d 1221, 1224 (Miss. 2012)).   The circuit court in 2018 correctly held that Liberty Mutual had a contractual right to fuel-cost reimbursements based on the undisputed facts before it. Further, the undisputed facts established that the Commission reimbursed Liberty Mutual based on the post contract time-expiration formula in the FAC that, on remand, was struck from the FAC.   As a result, Liberty Mutual was entitled to judgment as a matter of law on the issue of the Commission's liability under the FAC to reimburse Liberty Mutual based on the pre contract time-expiration formula once the Violating Clause was struck pursuant to *Hill Brothers I*.

¶30.   Therefore, we agree with the circuit court's 2018 assessment and conclusion: Liberty Mutual is entitled to recover fuel adjustments following the expiration of contract time but during the lifetime of the contract.   The relevant portion of the FAC after *Hill Brothers I* establishes, without any time constraints such as those contained within the Violating Clause, the method for price adjustments.

¶31.   By operation of the 2018 Order, the circuit court correctly accomplished the appropriate task before it on remand and pursuant to Liberty Mutual's subsequent motion for partial summary judgment by interpreting and enforcing the remaining portion of the

unambiguous FAC and ordering a trial on damages. And contrary to the Commission's argument and the 2019 circuit court's conclusion, the effect of the ***Hill Brothers I*** Court striking the Violating Clause was neither eliminating post contract time expiration price adjustments or reimbursements nor holding that the otherwise valid FAC did not authorize post contract time-expiration price adjustments during the life of the contract. As discussed above, ***Hill Brothers I*** merely struck the following clause: "After the expiration of *contract time*, including all extensions, adjustments will be computed using fuel and material prices that are in effect at the expiration of the contract time." ***Hill Bros. I***, 42 So. 3d at 498, 502 (emphasis added). The Violating Clause is the only portion of the FAC placing a time limitation on the effectiveness of the pre contract time expiration price-adjustment formula. Thus, the circuit court in 2018 was correct in its holding that "in rendering its opinion, the Mississippi Supreme Court simply struck the formula for calculating fuel adjustment [sic] after the expiration of the 'contract time' but during the 'lifetime of the contract,' and *did not invalidate or void Plaintiff's contractual right to recover such fuel adjustments*." (Emphasis added.)[8]

¶32.     Moreover, our analysis in ***Hill Brothers I*** explicitly distinguished our decision in

---

[8] Further bolstering the circuit court's grant of summary judgment in 2018 are the parties' statements of uncontested material facts accompanying Liberty Mutual's motion for summary judgment and the Commission's response. Specifically, neither party disputed that "Contract Time" "is the time allowed in the Contract for completion of the work." Therefore, we agree with the circuit court's 2018 assessment of the distinction between contract time on the one hand and the "life of a contract" as denoted in the FAC without the Violating Clause on the other.

*Farrish Gravel Co., Inc. v. Mississippi State Highway Commission*, 458 So. 2d 1066 (Miss. 1984). *Hill Bros. I*, 42 So. 3d at 501. We recognized that in *Farrish*, the "question . . . was whether the statute applied to contracts with no adjustment clause after the contract term." *Hill Bros. I*, 42 So. 3d at 501. Here, however, "[t]he contract provision . . . does include a fuel-adjustment provision which must comply with the statutory requirements." *Id.* The Violating Clause did not comply with the authorizing statute since "[p]roviding for no adjustment is not providing 'the basis and methods of adjusting the unit prices for the change' in the cost of fuel." *Id.* at 502. Further, once the FAC was included, "the Commission was bound to follow the statutory requirements." *Id.* at 501. We examined the entire FAC and only struck the Violating Clause on the basis that it failed to comply with the authorizing statute. *Id.* at 502.

¶33. On the other hand, the 2019 circuit court's effective holding that a trial was necessary to determine liability under the provisions of an unambiguous contract was error. The circuit court in 2018 correctly concluded that Liberty Mutual was entitled to judgment as a matter of law on the issue of the Commission's obligation under the FAC to pay Liberty Mutual, or in other words its liability under the FAC, monthly fuel-cost price adjustments after the expiration of contract time. The circuit court in 2018 further correctly found that the proper measure of such adjustments following the expiration of contract time "should be made based on a comparison of the base fuel price to the monthly index identified in the Special Provision No. 907-109-10." Liberty Mutual met its burden under Rule 56 and showed that

21

there was no genuine dispute as to any material fact with regard to the Commission's liability under the FAC. The Commission, on the other hand, did not establish the existence of such a dispute. Therefore, the circuit court in 2019 erred by vacating the 2018 Order and effectively denying Liberty Mutual's motion for partial summary judgment.

## CONCLUSION

¶34.    We hold that the circuit court, in its 2019 Order, erred by granting the Commission's Rule 59(e) Motion and by effectively denying Liberty Mutual's motion for partial summary judgment on the issue of liability. As a result, we reverse the circuit court's 2019 Order and reinstate the circuit court's 2018 Order granting partial summary judgment in favor of Liberty Mutual on the issue of liability and its determination of the appropriate formula for calculating fuel-cost reimbursements after the expiration of contract time but during the life of the contract, and we remand this matter for trial on damages.

¶35.    **REVERSED AND REMANDED.**

**RANDOLPH, C.J., KING, P.J., COLEMAN, MAXWELL, BEAM, ISHEE AND GRIFFIS, JJ., CONCUR. KITCHENS, P.J., NOT PARTICIPATING.**